IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**MILDRED SPIRES, as next of kin
and Administrator of the Estate of Joseph
Spires, deceased plaintiff; THERESA A.
ADAMS, as Administrator of the Estate of
Leon E. Adams, deceased plaintiff, individually
and on behalf of all others similarly situated,**

       Plaintiffs,                                Case No. 06-2137 - JWL

**v.**

**HOSPITAL CORPORATION
OF AMERICA,**

       Defendant.

## MEMORANDUM AND ORDER

This case involves claims by named plaintiffs Mildred Spires and Theresa A. Adams against the Hospital Corporation of America, Inc. ("HCA"). The plaintiffs' amended complaint (doc. 23) alleges consumer protection violations; negligence; unjust enrichment; and the necessity for injunctive and declaratory relief against HCA based on alleged understaffing of nurses at Wesley Medical Center in Wichita, and numerous other HCA hospitals. In addition, the amended complaint seeks class certification because, it insists, the named plaintiffs are merely two of many class members who have been harmed by HCA's dangerous profit-seeking hospital practices since 1996.

This matter comes before the court on HCA's motion for intra-district transfer to Wichita for docketing, maintenance, and trial (doc. 9).  HCA alleges that there is no connection between Kansas City and this case; instead, it contends that the factors used to decide a motion for transfer overwhelmingly tilt in favor of transferring this case to Wichita. For the reasons explained below, the motion to transfer is granted, and this action is hereby transferred to Wichita for docketing, maintenance, and trial.

## BACKGROUND

The named plaintiffs are the surviving spouses of two patients who died while in the care of hospitals allegedly owned or controlled by HCA.  Plaintiff Mildred Spires is the surviving spouse of decedent Joseph Spires and is the administrator of his estate.  HCA alleges that Ms. Spires resides in Wichita, and the plaintiffs have not refuted this allegation.  Plaintiff Theresa A. Adams is the surviving spouse of decedent Leon E. Adams and is administrator of his estate. It is unclear from the parties's submissions where Ms. Adams resides, but her deceased husband resided in New Hampshire, and the plaintiffs do not allege that Ms. Adams resides anywhere near either Kansas City or Wichita.  Defendant HCA is a Delaware corporation, and its principal place of business is Nashville, Tennessee.

As alleged in their amended complaint filed on May 7, 2006,  plaintiffs purport to "sue individually and on behalf of a Class of persons pursuant to F.R.C.P. 23 (b)(1), (b)(2) and/or (b)(3)."  They claim to "bring this action on behalf of the following class: all individuals who have been admitted to or has [sic] attempted to be admitted to or will attempt or will be admitted to an HCA owned hospital located in the United States and subjected to the staffing

practices of the defendant since January 1, 1996."

## STANDARD FOR A MOTION TO TRANSFER

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a). *See Wiggans v. Hartford Life and Accident Ins. Co.*, 2002 WL 731701, *2 (D. Kan. 2002) (citing *Lavin v. Lithibar Co.*, 2001 WL 1175096, *1 (D. Kan. 2001) (collecting cases)).[1] That statute, § 1404(a), provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id. See also Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

The party seeking transfer has the burden of proving that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed. *Id.* But because that rule turns on the assumption that the plaintiff resides in the chosen forum,

---

[1] As the court has acknowledged before, § 1404(a) is "inapplicable on its face because Kansas constitutes only one judicial district and division. However, 28 U.S.C. § 1404(c) does provide that '[a] district court may order any civil action to be tried at any place within the division in which it is pending.'" *Lavin*, 2001 WL 1175096, *1 n. 1.

3

it is largely inapplicable if, as here, the plaintiff does not reside there. *See, e.g.*, *Vanmeveren v. International Business Machines Corp.*, 2005 WL 3543179, *2 (D. Kan. 2005) ("a plaintiff's choice of forum receives less deference when it is not also her residence").

Advancing the opportunity for a case-by-case review of convenience and fairness, section 1404(a) affords a district court broad discretion in deciding a motion to transfer. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court considers the following factors: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp.*, 928 F.2d at 1515-16 (10th Cir.1991); *Lavin v. The Lithibar Co.*, 2001 WL 1175096, *1 (D. Kan. 2001).

## DISCUSSION

Applying these factors to the facts of this case, the court finds that the motion to transfer is warranted because, "[c]learly, the more convenient venue to try this case is Wichita." *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1065 (D. Kan. 1995). The parties focus on two factors; first, the plaintiff's choice of forum, and second, the convenience of the witnesses. The court now will examine each factor in turn.

**1.   Choice of Forum**

The plaintiffs repeatedly assert that this court is constrained by the established rule that a plaintiff's choice of forum receives considerable deference. They do not explain, however,

4

why the force of that presumption applies when the plaintiffs do not reside in Kansas City, their chosen forum. In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates. *See Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC*, 2005 WL 2122803, *2 (D. Kan. 2005) ("Although the plaintiff's choice of forum is generally accorded due deference, where the plaintiff's choice of forum is not its residence, it is given much less weight in ruling on a discretionary transfer motion."). *See also* WRIGHT & MILLER, 15 FED. PRAC. & PROC. JURIS. 2d § 3848 (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere); *Travelers Property Cas. Co. of America v. DHL Danzas Aur & Ocean*, 2006 WL 1443201, *3 (S.D.N.Y. 2006) (same); *Forrest v. Omega Protein Corp.*, 2006 WL 1371082, *3 (S.D. Tex. 2006) (same); *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 72 (D.D.C. 2005) (same).

At bottom, although the court considers the plaintiffs' choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." *Dworkin v. Hustler Magazine, Inc.*, 647 F. Supp. 1278, 1280-81 (D. Wyo. 1986).

**2.   Convenience**

The plaintiffs' choice of forum is further discounted because of the enormous disparity in convenience between Kansas City and Wichita. As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important,

factor to consider in deciding a motion to transfer. *See Meek & Associates, Inc. v. First Union Ins. Group,* 2001 WL 58839, *1 (D. Kan. 2001) ("Convenience of the non-party witnesses is the most important factor to be considered."); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).").

With the primacy of this factor in mind, the court underscores that several of the witnesses, parties, and attorneys—at least at this stage of the case—reside in Wichita. By contrast, none resides in Kansas City. Thus, with absolutely no connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum for this case.

In examining the factor of convenience in relation to the plaintiffs, the nexus to Wichita is overwhelming. Thus far, there are only two named plaintiffs: Ms. Spires and Ms. Adams. Ms. Adams has no connection either to Kansas City or to Wichita, so either forum is largely inconvenient for her. But Ms. Spires and counsel for the plaintiffs all reside in Wichita. Given the multitude of ties between the plaintiffs and Wichita, the court is unreceptive to the plaintiffs' dubious assertion that Wichita is an inconvenient forum.

Ultimately, though, the court has to find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient. That threshold is met, though, by examining the convenience of Kansas City as a forum for HCA and its witnesses. As it stands, at least half of the case will concern medical care delivered to Mr. Spires exclusively in Wichita. As a result, if the trial were held in Kansas City, it would force numerous practicing doctors and nurses at the Wesley Medical Center in Wichita to travel to Kansas City to testify

about the medical care provided to Mr. Spires around the time of his death. By forcing them to spend time traveling to Kansas City instead of treating patients, this would burden both these Wichita medical practitioners and their patients. Notably, designating Kansas City as the forum also would burden Ms. Spires, who resides in Wichita, as well as the numerous attorneys for both sides who reside in Wichita.

The plaintiffs attempt to argue that it would be inconvenient for many of the national witnesses to travel to Wichita instead of Kansas City, but as HCA points out, many of these witnesses are employed by HCA.[2] If HCA does not allege that its representatives will endure a relative inconvenience by traveling to Wichita instead of Kansas City, then surely the plaintiffs are precluded from alleging any inconvenience on their behalf. When the plaintiffs' argument is properly constrained to their own witnesses, it becomes apparent that Wichita is more convenient.

Finally, the plaintiffs spuriously suggest that numerous other plaintiffs and witnesses from all across the country will become involved as this burgeoning class action suit unfolds. As the plaintiffs state in their brief for this motion, however, "[c]onclusory assertions regarding the inconvenience of witnesses are of limited significance." *United Building Supply, Inc. v. Sherman*, 1997 WL 157200, *3 (D. Kan. 1997) (citing *Scheidt*, 956 F.2d at 966). Holding the plaintiffs to the authority of their own citation, then, the court will not consider the plaintiffs' conclusory assertion that the conduct at numerous HCA hospitals in

---

[2] To the extent the plaintiffs ask the court to take judicial notice that there are lower prices for airline flights to Kansas City than to Wichita, the court declines their invitation.

7

Kansas City will become relevant or that other potential class members will be included in this suit. At this point, no class has been certified, so putative class members are putative.

In fact, the plaintiffs have not identified *by name* a single witness, party, or exhibit that either resides or is located in Kansas City. Given the absolute disconnect between Kansas City and the actual participants of this case, the court will follow the guidance of the precedent identified by the plaintiffs and not consider the plaintiffs' assertions regarding uncertain future developments. At this stage, there is no connection between Kansas City and this case, which makes Kansas City an extremely inconvenient forum.

## CONCLUSION

Exercising its discretion, the court is easily persuaded that Wichita is the more convenient forum based on its relative convenience for the witnesses, parties, and attorneys involved. As a result, the motion to transfer to Wichita is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that HCA's motion to transfer this action to Wichita for docketing, maintenance, and trial (doc. 9) is granted. The court orders that this case be transferred to be reassigned by the clerk's office in Wichita to one of the resident judges in Wichita.

**IT IS SO ORDERED** this 8th day of June, 2006.

              s/ John W. Lungstrum
              John W. Lungstrum
              United States District Judge