IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILDRED SPIRES, as next of kin and Administrator of the Estate of JOSEPH SPIRES, deceased plaintiff; THERESA A. ADAMS as Administrator of the Estate of LEON E. ADAMS, deceased plaintiff, individually and on behalf of all others similarly situated,

                Plaintiffs,

            vs.                              Case No. 06-2137-JTM

HOSPITAL CORPORATION OF AMERICA,

                Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the motions by the defendant for sanctions and for attorney fees. The court has previously granted the defendant's motion to dismiss. (Dkt. No. 53).

Defendant seeks attorney fees under the Kansas Consumer Protection Act, K.S.A. 60-623. Defendant seeks sanctions pursuant to Fed.R.Civ.Pr. 11, arguing that the plaintiffs' First Amended Complaint, which sought some $12.5 billion in damages on behalf of a putative class of millions of persons, was factually and legally frivolous.

The court has reviewed the parties' arguments, and finds that neither sanctions nor attorney fees should be awarded. The Kansas consumer protection statute permits an award of attorney fees to a prevailing party, but only in instances in which the plaintiff consumer knew the claim to be

groundless. This is a heavy burden, requiring some proof that the consumer had *actual knowledge* the claim was groundless. The defendant has failed to show that either of the two named plaintiffs had such knowledge.

The question of sanctions is a much closer question, since it turns upon the knowledge of counsel. Specifically, counsel must meet a standard of objective reasonableness in order to avoid sanctions under Rule 11. *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir.1990). A subjective good faith by counsel that a claim is merited is not controlling — that belief must be consistent with what a reasonable and competent attorney would believe under similar circumstances. *Id.* The court has considerable discretion when it comes to imposing sanctions under Rule 11 . *See Nat'l Hockey League v. Metro. Hockey Club. Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

The court will not revisit the various arguments regarding the merits of plaintiffs' claims. As noted in the court's previous order, (Dkt. No. 53), plaintiffs' claims were without merit and dismissal was warranted. However, Rule 11 sanctions are within the discretion of the court. After considering all the arguments raised in the defendant's motion for sanctions, the court does not find that sanctions are warranted in this case.

IT IS ACCORDINGLY ORDERED this 25th day of October, 2006, that the defendant's Motion for Sanctions and Motion for Attorney Fees (Dkt. Nos. 57, 59) are hereby denied.

                                         s/ J. Thomas Marten
                                         J. THOMAS MARTEN, JUDGE